## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NADOWESSIOUX PROPERTIES, LTD. | § | CASE NO.  10-41418-H5-11 |
| | § | |
| | § | |
| DEBTOR-IN-POSSESSION | § | |
| | § | |
| | § | |
| BONTECOU CONSTRUCTION, INC. a Wyoming corporation, | § | |
| | § | |
| | § | |
| | § | |
| | § | Adversary proc. no. 11-03060 |
| Plaintiff, | § | |
| | § | (formerly civil action no. 2:10-cv-00275 |
| | § | transferred from the USDC for the District |
| vs. | § | of Wyoming) |
| | § | |
| | § | |
| FIRST INTERSTATE BANK, a Montana Corporation, NADOWESSIOUX PROPERTIES, LTD., a Texas limited partnership, CHARLES M. HADEN, JR., individually, and SHELLEY HADEN, individually. | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT NADOWESSIOUX PROPERTIES, LTD.'S MOTION
### FOR AN ORDER GRANTING FINAL SUMMARY JUDGMENT

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES**

**AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**NOTWITHSTANDING THE ABOVE TEXT, BY SEPARATE MOTION DEBTOR SEEKS AN ORDER SETTING A MARCH 17, 2011 2:00 P.M. HEARING ON THE RELIEF SOUGHT.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Nadowessioux Properties, Ltd. (hereinafter "Nadowessioux") would respectfully show the Court:

### WY. SUP. CT: TIMEBARRED, THE MECHANIC'S LIEN "CANNOT AFFECT" FIRST INTERSTATE BANK'S MORTGAGE

Wyoming statute gives a contractor 180 days (from the date a mechanic's lien is filed) to sue to foreclose on a mechanic's lien. Bontecou Construction filed its mechanic's lien in March of 2008. Bontecou Construction waited until November 2010 to sue First Interstate Bank. As to First Interstate Bank, Bontecou Construction's lien is time-barred. *Seafirst Mtg. Corp. v. Specialty Concrete Constr.*, (discussed below at paragraphs 24-28) (no action was brought within 180 days after the filing of the lien statement to foreclose the interest of the mortgage interest holder, and thus the lien could not affect its interest-- fact that a suit was commenced within 180 days against the owners of the property, to whom the statute of limitations defense was not available, was irrelevant).

### INTRODUCTION

1.   Bontecou Construction, Inc. is a Wyoming corporation and a custom home builder.

2.   Nadowessioux is a Texas limited partnership whose major asset was[1] a multimillion dollar residence in Jackson, Wyoming.

---

[1]   Pursuant to order entered by this Court on January 26, 2011, the residence was sold. The proceeds from the

3.    Charles M. Haden and Shelley Haden are married individuals and residents of the State of Texas. Together they own Nadowessioux.

4.    First Interstate Bank is a Montana corporation.  First Interstate Bank financed Nadowessioux's purchase of the Jackson, Wyoming residence.

### Construction Contract Dispute

5.    When Nadowessioux purchased the Jackson, Wyoming residence in 2006, construction was not complete.   Nadowessioux, therefore, contracted with Bontecou Construction (owned by Steve Bontecou, collectively with Bontecou Construction, Inc. hereinafter, the "Bontecou Parties") to complete the project.   Construction services were provided but eventually a contract and payment dispute arose.

6.    Nadowessioux's position in the dispute is that Bontecou Construction has been paid in full for its services and that, in fact, it was overpaid.  Bontecou Construction's position, on the other hand, is that it is still owed an additional $854,972.34.   Eventually, Bontecou Construction caused the recording of an alleged mechanic's lien in the real property records of Teton County, Wyoming.

### First Suit:  (Initiated by Nadowessioux)<br>– Breach of Contract, Slander of Title, Release of Lien

7.    On April 22, 2008, Nadowessioux sued the Bontecou Parties for breach of contract (seeking, among other things, return of $849,693 in overpayments), release of lien, and slander of title, initiating civil action number 14630 (10 CV-280J) in the Ninth Judicial District Court of Teton County, Wyoming[2] (hereinafter the "Construction Litigation").

---

sale, net or mortgage, taxes, and closing costs, are in the registry of the Court.<br>
[2]      See paragraphs 13-19 of the "Verified Complaint and Jury Demand" at docket number 2 in civil action number 10-cv-0280 in Wyoming Federal Court (transferred to this Court by order entered January 28, 2011 but to date not assigned an adversary proceeding number).  A copy is attached hereto and marked **Exhibit B**.

8.   The Bontecou Parties counter-sued for breach of the construction agreement, foreclosure on the alleged mechanic's lien, promissory estoppel, unjust enrichment, and for fraud.[3]

9.   Importantly, First Interstate Bank is not, and never was, a party to the litigation. See a certified copy of the docket attached hereto and marked **Exhibit A**.

*Second Suit*:  (Initiated by Nadowessioux)
*--Expedited Proceeding to Strike "False or Frivolous Liens"*

10.   Wyoming Statute "29-1-311(b) provides an expedited remedy for challenging certain liens against governmental officials, forged liens, and liens known at the time of filing to be groundless or false, or to contain material misstatements." *Opportunity Knocks Enters., LLC v. Shannon Elec., Inc.*, 2010 WY 99, P10 (Wyo. 2010).

11.   As such, on August 13, 2008, Nadowessioux sought to strike the Bontecou lien as frivolous and knowingly false by bringing a separate expedited action in Teton County, Wyoming, pursuant to Wyo. St. 29-1-311(b), initiating civil action number 14748 (hereinafter the "Frivolous Lien Proceeding").

12.   The only parties to that suit were Nadowessioux and Bontecou Construction.

13.   By a memorandum order entered September 26, 2008 in civil action 14748, the Teton County state court denied Nadowessioux's petition to strike the Bontecou Construction lien.  The order is attached hereto and marked **Exhibit D**.

14.   Paragraph 13 of the order provides:

> The Court makes no determination regarding whether the property in question is a single family dwelling, primary residence of the owner, or part of a luxury rental pool.  Neither does the Court make any holdings regarding the enforceability of the lien.  Consideration of any further

---

[3]      See docket 5-1 in civil action 10-cv-0280, PACER pages 13-19 (of 97 pages) of attachment 1 to docket 5, the "Defendant Bontecou Construction, Inc.'s Answer to Verified Complaint, Counterclaims, Third Party Complaint, and Jury Demand" in Wyoming Federal Court (transferred to this Court by order entered January 28, 2011 but to date not assigned an adversary proceeding number). A copy is attached hereto and marked **Exhibit C**.

matters related to the March 31, 2008 lien is reserved for trial on the merits in Civil Action No. 14630 [i.e., the Construction Litigation]."

### *Foreclosure Posting*

15.  Due to non-payment by Nadowessioux, First Interstate Bank posted the Jackson, Wyoming residence for a December 16, 2010 foreclosure.

### *Third Suit*:  *(Initiated by the Bontecou Construction)*
### *– Lien Priority*

16.  Apparently concerned about the posted foreclosure, on November 24, 2010, Bontecou Construction sued Nadowessioux, the Hadens, and First Interstate Bank, initiating case number 15591 in the Ninth Judicial District of Teton County, Wyoming.[4]  In the suit Bontecou Construction seeks a declaration that the alleged statutory mechanic's lien is prior to the mortgage held by First Interstate Bank (hereinafter the "Lien Priority Lawsuit").

### *Bankruptcy & Removal of the Two Lawsuits*

17.  To stop the foreclosure, on December 15, 2010, Nadowessioux filed in this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The filing initiated bankruptcy case number 10-41418.

18.  On December 23, 2010, Nadowessioux removed the Lien Priority Lawsuit to Wyoming Federal Court.[5]

19.  On December 28, 2010, Nadowessioux removed the Construction Contract Litigation to Wyoming Federal Court.[6]

---

[4]  See the amended complaint in the above-styled adversary proceeding.  A copy is attached hereto and marked **Exhibit E.**

[5]  After its removal to Wyoming Federal court the case was assigned number 10cv0275.

[6]  After its removal to Wyoming Federal court the case was assigned number 10cv0280.

20.   On January 28, 2011 the Wyoming Federal Court entered an order transferring venue of the Lien Priority Lawsuit and the Construction Contract Litigation to the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

21.   Upon receipt of the transferred litigation, the Clerk of the U.S. District Court for the Southern District of Texas assigned the Lien Priority Lawsuit adversary proceeding number 11-03060, the above-styled lawsuit.  This motion is brought only in that lawsuit.

## RELIEF REQUESTED

22.   As to the Lien Priority Lawsuit, Nadowessioux seeks final summary judgment (i) that Bontecou's alleged mechanic's lien, if valid, must necessarily be second in priority to the mortgage lien held by First Interstate Bank, and (ii) dismissing the Lien Priority Lawsuit with prejudice.

## ARGUMENT & AUTHORITY

23.   Pursuant to Federal Rule of Civil Procedure 56 (made applicable by Bankruptcy Rule 7056) this Court is authorized to enter summary judgment on any issue of fact or law "when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c)(2).

### UNDER BINDING WYOMING SUPREME COURT PRECEDENT, BONTECOU'S ALLEGED MECHANIC'S LIEN, EVEN IF VALID, "CANNOT AFFECT" THE MORTGAGE HELD BY FIRST INTERSTATE BANK.

24.   Bontecou's alleged mechanic's lien was filed in March of 2008.  See **Exhibit F**.

25.   Bontecou failed to sue First Interstate Bank to enforce its lien rights until November 2010.   A copy of Bontecou's November 2010 suit against First Interstate Bank (the Lien Priority Lawsuit) is attached and marked **Exhibit E**.

26.   Section 29-2-109 of the Wyoming Statutes sets forth a 180 day deadline by which the holder of a mechanic's lien must sue else "no lien shall continue to exist[.]"  A copy of the statute is attached hereto and marked **Exhibit G**.

27.   Construing section 29-2-109, the Wyoming Supreme Court held that—regardless of the validity of the mechanic's lien *vis à vis* the owner's interest in the real property  --an alleged mechanic's lien "cannot affect" the holder of a mortgage interest if suit against the holder of the mortgage interest was <u>not</u> initiated within 180 days from the date of the filing of the mechanic's lien. See *Seafirst Mortgage Corporation v Specialty Concrete Construction*, 708 P.2d 1245, 1247 (Wyo. 1985) (if no suit naming mortgage company within 180 days, then no mechanic's lien against mortgage company's interest --"***The statute clearly states that no lien shall continue to exist*** except by virtue of the provisions of this chapter ***for more than 180 days after the lien is filed, absent an action to foreclose***.  No action was brought within 180 days to foreclose the interest of appellant [the holder of the mortgage interest], and thus the lien cannot affect appellant."(emphasis added))  A copy is attached and marked **Exhibit H**.

28.   Pursuant to Wyoming Statute 29-2-109, as construed in *Seafirst Mortgage* case, even if Bontecou Construction's alleged lien incepted prior[7] to First Interstate Bank's mortgage, by operation of law Bontecou Construction's alleged lien extinguished six months after it was filed of record ( two years, that is, before it sued First Interstate Bank).

---

[7]      Bontecou's alleged lien did <u>not</u> incept prior to First Interstate's mortgage.   However, Bontecou Construction's argument is that its lien relates back to the date when it merely inspected the property in order to formulate a bid on the job; i.e., before Nadowessioux even owned the property.  See paragraph 15 of its Bontecou Construction's Amended Complaint for Declaratory Judgment.  (**Exhibit G.**)  By contrast, "the general rule is that a mechanic's lien does not attach unless and until construction has been undertaken by the doing of actual *visible* work on the land or the delivery of construction materials thereto"  53 Am Jur 2d Mechanics' Liens § 252 (emphasis added).   Actual visible work on the land notifies potential lenders that mechanic's liens have arisen. *D'Orsay Intern. Partners v. Superior Court, 123 Cal. App. 4th 836,* 20 Cal. Rptr. 3d 399 (2d Dist. 2004), review denied, (Jan. 26, 2005).  Merely inspecting the job site is not visual work.

## NADOWESSIOUX'S REPLY TO BONTECOU CONSTRUCTION'S RESPONSE[8]

29.   Bontecou Construction responds by arguing: [9]

a.   Nadowessioux's bankruptcy right to challenge lien priority is barred by the alleged *res judicata* effect of the memorandum order in the Frivolous Lien Proceeding described above in paragraphs 11-13 (response at paragraph 1(ii) and 27);

b.   Nadowessioux lacks "standing" (in its own chapter 11 bankruptcy case) to challenge lien priority (response at paragraph 28);

c.   *Seafirst Mortgage* is distinguishable (response at paragraph 30);

d.   Nadowessioux somehow "waived" its right to challenge lien priority by not raising the issue in earlier proceedings to which First Interstate Bank was never a party (response at paragraph 29); and

e.   "[T]here are [un-described] genuine issues of material fact that preclude summary judgment" (response at 1(iv)).

30.   Bontecou Construction's arguments are meritless.

### *Alleged res judicata from Frivolous Lien Suit*

31.   As to the alleged *res judicata:* One, the allegedly binding memorandum order explicitly "reserve[s]" all issues (other than whether the lien is patently frivolous or knowingly false) "regarding the enforceability of the lien. . . . for trial on the merits in Civil Action No.

---

[8]      Bontecou Construction initially objected to the sale of Nadowessioux's property described in footnote 1 herein. [Docket number 39 in the main bankruptcy case.]  In the objection, Bontecou opposed the sale motion's proposal to pay off the First Interstate Bank mortgage.  Nadowessioux, in response and in support of its sale motion, filed a motion for summary judgment citing the Wyoming Supreme Court *Seafirst Mortgage* case discussed in paragraphs herein.  [Docket number 50 in the main bankruptcy case.]   Bontecou Construction filed a response in opposition to the motion for summary judgment.  [Docket no. 72 in the main bankruptcy case.]  Shortly before the sale hearing, however, Bontecou Construction withdrew its objection.  The Court declined to rule on the motion for summary judgment.  The section of the instant motion for summary judgment subtitled "Nadowessioux's Reply to Bontecou Construction's Response" addresses the arguments and summary judgment evidence submitted by Bontecou Construction in its response to the first motion for summary judgment.

[9]      Bontecou Construction's response included two additional arguments that are now moot.  One, Bontecou Construction argues that an adversary proceeding first must be initiated before this Court is authorized to adjudicate its alleged lien.  The above-styled proceeding is such an adversary proceeding.  Two, Bontecou Construction argues that "there is a prior pending proceeding in a court of competent jurisdiction [Wyoming] addressing the same lien priority issue between the same parties and that court has not granted transfer of venue to this Court[.]" Id.  Venue having been transferred, the above-styled proceeding is the "prior pending proceeding" referred to by Bontecou Construction.

14630[;]" i.e., for trial in the Construction Litigation now before this Court. [10]   That is the opposite of *res judicata*.

32. Two, paragraph two of the memorandum order provides that Bontecou Construction's "[w]ork on the project began September 4, 2006", not April of that year as claimed by Bontecou Construction (response at paragraph 12). First Interstate Bank's mortgage was filed on August 8, 2006.[11]   If, as urged by Bontecou Construction, the memorandum order is *res judicata*, then the memorandum order is an alternative basis to grant this motion for summary judgment.

33. Three, the Wyoming frivolous lien statute explicitly requires a hearing between six and fifteen days of the petition.[12]   No *res judicata* can flow from such an expedited proceeding.

> We conclude that petition filed pursuant to Wyo. Stat. Ann. § 29-1-311(b) is not the appropriate method for testing the adequacy of a lien statement under Wyo. Stat. Ann. § 29-1-301(b).  As evidenced by its clear language, Wyo. Stat. Ann. § 29-1-311(b) provides a remedy for challenging certain liens against governmental officials, forged liens, and liens known at the time of filing to be groundless or false, or to contain material misstatements. ***The statute is not meant to be used beyond that purpose*** simply to test the adequacy of information supplied in a lien statement.

---

[10]   In the interest of clarity:  At paragraph 7 of its response, Bontecou Construction writes that the memorandum order contains a finding that "Bontecou presented a counterclaim for foreclosure of its March 31, 2008, lien 'in compliance with the time limitation of Wyo. State. § 29-20109.'"  Bontecou Construction re-urges the averment at paragraph 27 of its response, followed by the assertion that "[t]here has already been a judicial finding that Bontecou Construction timely complied with Wyo. Stat. § 29-2-109."

Nadowessiuox's motion for summary judgment, however, demonstrates that Bontecou Construction's assertion of a lien against First Interstate Bank (not Nadowessioux) is time-barred.  As such, the purpose of including the above-described averments is unclear.  To the extent that Bontecou Construction suggests that in the memorandum order the Wyoming state court somehow found that Bontecou Construction brought timely suit against First Interstate Bank—*who was not even a party in the expedited Frivolous Lien Proceeding* -- the suggestion is demonstrably untrue.  See **Exhibit D** and the Declaration of Charles Haden.   Nadowessioux urges Bontecou Construction's counsel to clarify the purpose of its averments in its response to this motion.

[11]   A copy of First Interstate Bank's mortgage bearing the August 8, 2008 file-stamp of the Teton County clerk, is attached hereto and marked **Exhibit I**.

[12]   "Wyo. Stat. Ann. § 29-1-311 (b)(i) mandates that a hearing on a petition to strike and release a lien must occur "no earlier than six (6) nor later than fifteen (15) days following the date of service of the petition and order on the person claiming the lien." *Teton Builders v. Jacobsen Constr. Co.*, 2004 WY 147 (Wyo. 2004).

*Opportunity Knocks Enters., LLC v. Shannon Elec., Inc.*, 2010 WY 99, P10 (Wyo. 2010) (emphasis added).

### Alleged Lack of Standing

34.  As to Nadowessioux's alleged lack of standing:  Nadowessioux, as debtor, is a "party in interest" with standing to challenge the claims of creditors in its own chapter 11 bankruptcy case.  11 U.S.C. § 1109(b) ("a party in interest, including the debtor . . . may raise and may appear on ***any issue*** in a case under this chapter") (emphasis added).  See also 11 U.S.C. § 502(a) (providing that any "party in interest" may object to the claim of a creditor).

35.  Standing, generally speaking, exists when a party has a financial stake.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). Nadowessioux, needless to say, owned the property that is the subject of the lien dispute. [13]   Its pending chapter 11 plan of reorganization will be funded by the proceeds of the sale that are the subject of the Lien Priority Lawsuit.   Nadowessioux has a financial stake.

### Seafirst Mortgage is not distinguishable

36.  As set forth in paragraph 24-28 above, in an almost identical dispute, the Wyoming Supreme Court held a mechanic's lien "cannot affect" (i.e., is a nullity as to) a bank mortgage if suit against the bank was <u>not</u> initiated within 180 days from the date of the filing of the mechanic's lien.

37.  Bontecou Construction attempts to distinguish *Seafirst* by arguing that "in Seafirst the mortgage company had not been given notice of the lien and that may have impact[14] the

---

[13]       Indeed, Bontecou Construction, not Nadowessioux, initiated the Lien Priority Lawsuit described in paragraph 15-16 herein.  Bontecou Construction, as such, made the deliberate decision to name Nadowessioux in the lawsuit, rather than to sue only First Interstate Bank.  If Bontecou Construction thinks Nadowessioux does not have a stake in the question of lien priority, then why did Bontecou Construction bother to sue Nadowessioux?  Bontecou Construction should be judicially estopped from now arguing Nadowessioux lacks standing.  *New Hampshire v. Maine*, 532 U.S. 742 (2001).

[14]       Bontecou Construction never explains what that impact "may" be.

outcome" and that in the case at hand, by contrast, First Interstate Bank allegedly "had written notice[15] that Bontecou had begun performing work on the [Jackson residence owned by Nadowessioux] even before it recorded its lien." See response at paragraph 30.

38.    Whether or not First Interstate Bank had "notice" of Bontecou's mechanic's lien is entirely immaterial. Bontecou Construction does not direct the Court to an express or implied exception in the limitations[16] statute for mechanic's lien holders who can demonstrate prior "notice" to the mortgage company. There is none.

39.    Rather, as in *Seafirst Mortgage*, the central issue is whether or not Bontecou Construction brought timely suit against First Interstate Bank. Bontecou Construction did not. See response at paragraph 11; see also **Exhibit A and C**.

---

[15]    In support of its allegation that First Interstate Bank "had written notice that Bontecou had begun performing work" Bontecou Construction directs this Court to the exhibit 1 to the Affidavit of Steve Bontecou. According to the affidavit, exhibit 1 is a "[f]ax dated July 17, 2006 containing four pages of job estimates figures for construction on the debtor's Real property[.]"   First, the fax is on what appears to be Bontecou Construction letterhead and is addressed to someone named "Patti."   No last name, title, or address is included. How exhibit 1 purports to show "notice" of anything to First Interstate Bank is not explained. Second, even if exhibit 1 somehow shows notice to First Interstate Bank as alleged, for the reasons in paragraphs 24-28 above, it is irrelevant. Nadowessioux objects to the alleged summary judgment evidence on those bases.

[16]    The statute at issue is more akin to one of repose than limitations.   "All actions to foreclose or enforce a lien under this chapter shall be commenced within one hundred eighty (180) days after the filing of the lien statement. ***No lien shall continue to exist*** except by virtue of the provisions of this chapter for more than one hundred eighty (180) days after the lien is filed unless an action to foreclose the lien is instituted." Wyo. St.  29-2-109 (emphasis added).   Review of the statute shows that it contains no exceptions that would toll the 180 day period within which foreclosure suit must be brought.   "[U]nlike other Wyoming statutes to which we have applied the discovery rule, this statute does not contain language which permits tolling of the statutory time limit until the elements of the cause of action are discovered. Those statutes of limitation to which the discovery rule applies either expressly adopt the application of the rule or state that the limitation period runs only after the cause of action accrues." *Corkill v. Knowles*, 955 P.2d 438, 443 (Wyo. 1998) (distinguishing between statutes of limitations and statutes of repose in a suit brought under Wyoming's wrongful death act). See also *Arch Sellery, Inc. v. Simpson*, 346 P.2d 1068 (Wyo. 1959), for the rule that failure to file the mechanic's lien within the time permitted precludes its *existence* and renders the lien void and unenforceable. "Unlike a statute of limitations, a statute of repose creates a substantive right to be free from liability after a legislatively determined period.   In other words, a statute of repose establishes a 'right not to be sued,' rather than a 'right to sue.' Thus, with the expiration of the period of repose, the putative cause of action evanesces; life cannot thereafter be breathed back into it." *Burlington N. & Santa Fe Ry. Co. v. Skinner Tank Co.*, 419 F.3d 355, 363 (5th Cir. Tex. 2005) (quotations marks and footnotes removed).   In any event, even if 29-2-109 is a statute of limitations, rather than repose, Bontecou Construction is time-barred. First Interstate Bank's mortgage was filed of record in Teton County on August 8, 2006.   See footnote 11 herein. Bontecou Construction is charged with knowledge of that mortgage.   Bontecou Construction could not plausibly assert a "discovery" tolling argument.

40.  Bontecou Construction's "notice" arguments[17], without logical justification, skip to the substantive merits of its underlying priority arguments without first answering the key threshold question: whether its suit (regardless of its merits) was brought timely.  But under *Seafirst*, even a completely legitimate mechanic's lien that is prior in time to a mortgage of record—i.e., even a mechanic's lien for which a timely and legally sufficient lien affidavit was filed in the real property records ***prior to*** the inception of a competing mortgage lien -- extinguishes by operation of law absent a timely lawsuit.[18]  Bontecou Construction's suit against First Interstate Bank is time-barred.

*Alleged waiver:  "debtor's failure to allege any affirmative defenses on the basis of priority in the main case"*

41.  At paragraph 29 of its response, Bontecou Construction writes:

Despite the District Court's Order [i.e., the memorandum order disposing of the expedited Frivolous Lien Proceeding], the Debtor did not raise any affirmative defenses regarding priority.  Now two and [a] half years later, the Debtor's effort to re-litigate these issues was waived by the Debtor's failure to allege any affirmative

---

[17]    In an alternative "notice" argument at paragraph 31 of its response, Bontecou Construction alleges that First Interstate Bank "was participating in Civil Action No. 14630 via its counsel."   First Interstate Bank was never a party to either the Construction Litigation or to the Frivolous Lien Proceeding.  See certified copies of the docket sheet **Exhibit A** and Haden Declaration.  Bontecou Construction's alternative "notice" argument, as such, appears premised on a demonstrably untrue suggestion to the contrary.  However, to understand Bontecou Construction's argument, it helps to understand that Glen M. Ford is the attorney who attempted to conduct First Interstate Bank's December 2010 foreclosure on Nadowessioux's Jackson, Wyoming residence. (See notice of appearance in the main bankruptcy case at docket number 4.)   Meanwhile, Bontecou Construction's sole support for the representation to this Court that First Interstate Bank "was participating in Civil Action No. 14630 via its counsel" is the affidavit of its Wyoming counsel, Andrea Richard.  According to that affidavit, exhibit 3 thereto is "a copy of a letter [she] received from [a Wyoming law firm called] Moore Myers & Garland[.]"   Exhibit 3 to the Richard affidavit appears to be a letter signed by Glen M. Ford.  The letter, assuming it is authentic, is written on behalf of the firm's client "John Galambos and Galambos Architects, Inc" in response to a subpoena served by Andrea Richard in the Construction Litigation.  (Galambos is the architect designated in the contract between Nadowessioux and Bontecou Construction.)  The letter, in other words, appears to have been written in 2008 on behalf of a Glen M. Ford client who is <u>not</u> First Interstate Bank.  At best, the letter, if authentic, is proof only that Glen M. Ford has clients other than First Interstate Bank, and the non-First Interstate Bank client responded to a witness subpoena in the Construction Litigation.  Given the small population of Jackson, Wyoming, the coincidence is unsurprising.  What is surprising, however, is that an attorney (who has been counsel of record in the Construction Litigation since its 2008 inception) would urge to this Court that the exhibit 3 to the Richard affidavit proves First Interstate Bank "was participating in Civil Action No. 14630 via its counsel."  Nadowessioux objects to the affidavit and exhibit 3 thereto. It should be struck.

[18]    Indeed, the same statute would have time-barred Bontecou Construction's lien assertion against Nadowessioux but for Bontecou Construction's timely counter-claim against Nadowessioux in the Construction Litigation described above in paragraph 7.

defenses on the basis of priority in the main case, Civil Action 14630.  The Debtor has waived the ability to raise any new defenses that they failed to plead.

42.  First, as to alleged "waiver" in the Lien Priority Suit (i.e., this lawsuit):  The lawsuit was initiated in November 2010 and has been stayed by 11 U.S.C. § 362(a) since the December 15, 2010 petition date.  How can Nadowessioux have waived a defense before it is even obligated under the rules to answer?

43.  Second, as to alleged "waiver" in the Frivolous Lien Proceeding:    Nothing is being "re-litigated."  The Wyoming frivolous lien statute sole purpose is to provide a quick process for the removal of patently false or frivolous liens.  "The statute is not meant to be used beyond that purpose[.]"  *Opportunity Knocks*, supra. First Interstate Bank was not a party.  The memorandum order disposing of the proceeding explicitly reserved all remaining issues. There is no *res judicata* effect as to lien priority. The waiver argument is entirely meritless.

44.  Third, the *Seafirst* court rejected a very similar argument.

> The district court, in granting summary judgment to appellee [holder of mechanic's lien], found that appellee's lien has priority over appellant's mortgage as a matter of law, and that appellant 'should not be able to avail itself of the statute of limitations defense at this time, as it was not available to the original defendants, Manous' in the foregoing action.'
> .              .              .              .
> In this case, the trial court held that the statute of limitations was not available to appellant, the mortgage interest holder, inasmuch as it was not available to the original defendants. ***We fail to see the relevancy of the availability or nonavailability to the original defendants***. The statute clearly states that no lien shall continue to exist except by virtue of the provisions of this chapter for more than 180 days after the lien is filed, absent an action to foreclose. No action was brought within 180 days to foreclose the interest of appellant, and thus the lien cannot affect appellant's interest.

*Seafirst Mortgage Corp.* at 1246-1247 (emphasis added).  The *Seafirst* court reversed the trial court's holding that the unavailability of the 180 day limitation argument-- to the property owner in an earlier suit to which the mortgage company, like First Interstate Bank herein, was <u>not</u> a party --meant that the mortgage company could not later avail itself of the 180

day limitations argument in a subsequent suit.  Like the *Seafirst* court, this Court should reject the argument.

45.  Fourth, as to alleged "waiver" in the Construction Litigation:  Again, despite Bontecou Construction's unsupportable assertion otherwise (see footnotes 10 and 17 herein), First Interstate Bank was never a party to the suit.  See **Exhibit A** hereto. Nothing in any of Bontecou Construction's pleadings seek a determination of its lien priority *vis à vis* First Interstate Bank.  See **Exhibit C**.  Like the aggrieved construction company in *Seafirst*, Bontecou Construction could and should have joined First Interstate Bank in the Construction Litigation. "'Without doubt, it is incumbent upon every lien claimant, suing to establish a mechanic's lien, to make the mortgagee a party to the suit if the claimant desires to bind the interest of the mortgagee." *Seafirst* at 1246-1247. Bontecou Construction did not join First Interstate Bank and, as in *Seafirst*, it is too late to do so now under the limitations statute. More broadly, why would Nadowessioux plead an affirmative defense in response to a cause of action never asserted by Bontecou Construction in the first place?   Bontecou Construction's "affirmative defense" argument turns *Seafirst* (and civil procedure) on its head.

*There are no genuine issues of material fact that would preclude summary judgment*

46.  At paragraph 30 of its response, Bontecou Construction writes that "there are a number of important fact issues that should be developed through discovery in an adversary proceeding and are not appropriate for summary judgment."  Then the response fails to name any such "important facts."   Federal Rule of Civil Procedure 56(e) requires that summary judgment evidence "must set out facts that would be admissible in evidence[.]"  The response fails to do so.

47.  However, if the "important facts" to which Bontecou Construction refers are the allegations in the next following paragraph of the response (that First Interstate Bank "was

participating" in the Construction Litigation), for the reasons in footnote 17 herein, the allegations should be disregarded and the underlying Richard affidavit should be struck.

## PRAYER

The Debtor prays that the Court enter final summary judgment (i) that Bontecou's alleged mechanic's lien, if valid, must necessarily be second in priority to the mortgage lien held by First Interstate Bank, and (ii) dismissing the above-styled lawsuit with prejudice.

DATED:    February 14, 2011.


Respectfully submitted,

HOOVER SLOVACEK LLP


By:_____*s/Annie E. Catmull*_____
          EDWARD L. ROTHBERG
          State Bar No. 17313990
          ANNIE E. CATMULL
          State Bar No. 00794932
          T. JOSH JUDD
          State Bar No. 24036866
          5847 San Felipe, Suite 2200
          Houston, Texas 77057
          Telephone: 713.977.8686
          Facsimile:  713.977.5395
          ATTORNEYS FOR DEBTOR


## CERTIFICATE OF SERVICE

I certify that on February 14, 2011, the foregoing motion (with attachments and proposed order) was served by (1) U.S. first class mail to Charles M. Haden and Shelly Haden and Nadowessioux Properties, Ltd. at 764 Kuhlman Road, Houston, Texas 77024 and (2) the Court's ECF notification system to the parties listed below.

Glen M Ford on behalf of Defendant First Interstate Bank
235 E Broadway
PO Box 4310
Jackson, WY 83001

Mathew Okin on behalf of Defendant First Interstate Bank
OKIN & ADAMS LLP
1113 Vine Street, Suite 201
Houston, TX 77002

Andrea L Richard on behalf of Bontecou Construction, Inc.
The Richard Law Firm
199 East Pearl Avenue, Suite 102
PO Box 1245
Jackson, WY 83001

David Askanase and Simon Mayer on behalf of Bontecou Construction, Inc
Hughes Watters Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, Texas  77002

Mark Sullivan on behalf of Defendant Nadowessioux Properties Ltd
5237 HHR Ranch Road
Wilson, WY 83014

 /s/ Annie E. Catmull
Annie E. Catmull